**522**

**David A. SMITH, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 71-2974

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 3, 1972.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Affirmed.[1]  See Local Rule 21.[2]

---

**Donzel LEMLEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 15193.

United States Court of Appeals,
Fourth Circuit.

Oct. 19, 1971.

---

Michael Tomasky and Mike Magro, Jr., Morgantown, W. Va., on brief for appellant.

L. Patrick Gray, III, Asst. Atty. Gen., Department of Justice, James P. Klapps, Atty., Department of Justice, and Paul C. Camilletti, U. S. Atty., on brief, for appellee.

Before HAYNSWORTH, Chief Judge, CRAVEN, Circuit Judge, and DUPREE, District Judge.

PER CURIAM:

We have carefully considered the briefs and the record and conclude that oral argument is unnecessary. We affirm on the opinion of the district court. Lemley v. United States, 317 F.Supp. 350 (1970).

Affirmed.

---

**UNITED STATES of America, Appellee,**

v.

**Charles ROSE, a/k/a Curley, Defendant-Appellant.**

No. 497, Docket 71-2040.

United States Court of Appeals,
Second Circuit.

Argued Jan. 28, 1972.

Decided March 8, 1972.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. In these habeas proceedings, the appellant has contended that his conviction was invalid on grounds that: (1) during his trial favorable evidence was suppressed and he was denied his right to compulsory process because he was not allowed to call his co-indictees to testify on his behalf, a procedure which was then proscribed by Art. 711 of the Texas Code of Criminal Procedure and Art. 82 of the Texas Penal Code, and later declared violative of the Constitution in Washington v. Texas, 1967, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019; (2) he was coerced into signing an involuntary confession; and (3) he was denied his right to take a direct appeal by his trial court's failure to appoint an attorney for appellate purposes.

2. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

Jay S. Horowitz, Asst. U. S. Atty., Southern District of New York (Whitney North Seymour, Jr., U. S. Atty., and John W. Nields, Jr., Asst. U. S. Atty., Southern District of New York, on the brief), for appellee.

Howard J. Diller, New York City, on the brief, for defendant-appellant.

Before FRIENDLY, Chief Judge, and ANDERSON, Circuit Judge, and BONSAL, District Judge.*

PER CURIAM:

The judgments of conviction as entered in the District Court on both of the two counts are affirmed.

---

■

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arthur CALLAWAY, Defendant-Appellant.**

No. 71-3157

Summary Calendar.**
United States Court of Appeals, Fifth Circuit.

Feb. 28, 1972.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Arthur Callaway appeals a conviction of willfully and knowingly possessing a firearm made in violation of Section

---

5822, Title 26, U.S.C., in violation of Section 5861(c), Title 26, U.S.C.

Instead of a brief, the government has a filed a Confession of Error, as follows:

"Counsel for Appellee has thoroughly examined the merits of Appellant Callaway's brief and has consulted at length with the Criminal Division of the Department of Justice, Washington, D. C. After due deliberation and in light of the recommendation of the Department of Justice, the government has concluded that it will not oppose the granting of Callaway's claim for relief for the reasons stated in his brief."

We reverse the judgment of the Court below.

Reversed.

---

■

**BOLLINGER MACHINE SHOP AND SHIPYARDS, INC., Plaintiff-Appellee,**

v.

**EVELYN JEWEL, INC., and M/V JEWEL I, Defendant-Appellant.**

No. 71-2058
Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 2, 1972.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

---

* Of the Southern District of New York, sitting by designation.

** Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.